# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| GERALD WAYNE BONNER | CIVIL ACTION NO. 25-1530 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants, the City of Shreveport ("the City"), Police Chief Wayne Smith, Officer S. Mendels, Officer T. Pinckley, Cpl. D. Favis, Sgt. Percy, Cpl. Warren, Cpl. Leclare, and Officer R. Henderson (collectively, "Defendants"). See Record Document 15. Plaintiff Gerald Wayne Bonner ("Bonner") filed an opposition. See Record Document 17. Defendants replied. See Record Document 20. For the reasons set forth below, the Motion is **GRANTED**, and Bonner's Monell claims against the City are **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND

Bonner alleges that on September 9, 2025, Shreveport Police Department ("SPD") officers attempted to conduct a traffic stop after Bonner was identified as a suspect in a reported theft. See Record Document 2 at 4–5. Bonner initially refused to stop, leading officers on a pursuit before eventually pulling into a service station parking lot. See id. at 5.

Bonner alleges that after stopping, he raised his hands in surrender but was fearful to exit his vehicle due to the presence of a police K-9. See id. According to Bonner, officers broke the driver's side window, pulled him from the vehicle, and threw him to the ground.

See id. While Bonner was on the ground with his arm extended out in a non-threatening manner, Officer T. Pinckley deployed his K-9, which allegedly bit Bonner on three separate occasions. See id. at 5–6. Bonner alleges that the K-9 was allowed to continue biting him for one minute, and the attack caused severe cuts, blood loss, as well as tissue and nerve damage. See id. at 6–7. Bonner was allegedly unarmed and non-combative once being on the ground. See id. at 7.

Based on these events, Bonner asserts claims under 42 U.S.C. § 1983 and Louisiana law. Bonner asserts a single federal cause of action under 42 U.S.C. § 1983 styled as an excessive force claim. See id. at 11. Within that cause of action, Bonner alleges that Officer T. Pinckley used excessive force through the deployment of the police K-9 and that the remaining individual officers failed to intervene, acting as integral participants in the alleged constitutional violation. See id. at 11–12. Bonner further asserts a claim for supervisor liability against Sgt. Mendels. See id. at 12–13. Additionally, Bonner brings a Monell claim against the City, alleging that the City's policies, customs, and failures in training, supervision, and discipline were the moving force behind the alleged excessive force and failures to intervene. See id. at 13–14. Finally, Bonner brings claims under Louisiana state law for battery and negligence. See id. at 14–18. Defendants now move to dismiss only Bonner's Monell claims.

## LAW AND ANALYSIS

### I. Applicable Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine

whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

II. Analysis

a. Monell

A city is not liable under Section 1983 on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). Under Monell, a city may be liable only if its official policy or custom is the "moving force" behind

the plaintiff's alleged constitutional right violation. Rivera v. Hous. Indep. Sch. Dist., 349 F.3d 244, 247 (5th Cir. 2003) (citations omitted). To succeed on a Monell claim against a municipality, a plaintiff must establish three elements: "(1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom." Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010) (internal quotations and citations omitted). Official policy is generally found in "duly promulgated policy statements, ordinances or regulations." Id. A policy can also be evidenced by custom. A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." Hinojosa v. Butler, 547 F.3d 285, 296 (5th Cir. 2008).

  b. Official Policy or Custom

The Court first considers whether Bonner has plausibly alleged the existence of an official policy or custom attributable to the City. See Valle, 613 F.3d at 541–42. Bonner alleges that the City maintained unconstitutional policies, customs, or practices concerning the deployment of police K-9s, including a practice of permitting K-9s to "bite and hold" suspects who are surrendering or otherwise not posing a threat. See Record Document 2 at 9. In support, Bonner identifies several prior incidents in which Shreveport police officers used excessive force. See id. at 10. The Court now addresses Bonner's allegations under both categories recognized as sufficient by the Fifth Circuit—an official policy, and alternatively, a custom.

First, to the extent Bonner alleges an official "bite and hold" policy, this allegation is insufficient. To plead an official policy, the plaintiff must show "evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." Valle, 613 F.3d at 541. Bonner does not plead facts showing that any final policymaker adopted or ratified an unconstitutional policy directing K-9s to continue biting after a suspect has surrendered. Instead, Bonner's "bite and hold" allegation is asserted in a conclusory manner, without factual allegations describing the content of an actual written policy, the policymaker responsible for it, or how the purported policy itself is unconstitutional (as opposed to an individual officer's unconstitutional application). See Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997) (holding that conclusory allegations of a policy or custom, without supporting facts, are insufficient to state a Monell claim). Accordingly, Bonner has not plausibly alleged an official policy.

Even if the Complaint is construed as alleging an unwritten custom, Bonner must plead facts showing a persistent and widespread practice that is "so common and well settled as to constitute a custom that fairly represents municipal policy." Hinojosa, 547 F.3d at 296. In support, Bonner identifies several prior incidents involving alleged excessive force by Shreveport police officers. See Record Document 2 at 10. However, even accepting those allegations as true, the cited incidents are limited in number, are all from 2019–2020, and are not alleged with sufficient factual detail to demonstrate a persistent and widespread practice that rises to the level of custom. Moreover, Bonner does not plead that any prior SPD incident resulted in a finding of unconstitutional K-9 force, which further undermines any inference of a widespread unconstitutional practice.

Accordingly, whether analyzed as an official policy or, alternatively, as a custom, Bonner has not met the pleading requirements under the first prong of Monell.

   c. Policymaker Knowledge

Even assuming that Bonner has plausibly alleged the existence of an official policy or custom, he must still plausibly allege that a City policymaker had actual or constructive knowledge of that policy or custom. See Valle, 613 F.3d at 542. Bonner alleges that the City allowed and encouraged the use of police K-9s against people who pose no threat to officers or bystanders. See Record Document 2 at 13. However, the Complaint alleges no facts as to how the City was on notice. The Complaint alleges that the City had notice that excessive force was a problem with the SPD in 2020 because the City Council voted for an investigation by the Department of Justice. See id. at 10. However, this is an insufficient allegation as it is not tied to the use of force with a police K-9 and this City Council vote was in 2020. Bonner does not identify any specific policymaker who reviewed, approved, or knowingly acquiesced in the alleged unconstitutional use of K-9 force. Accordingly, even assuming the existence of an unconstitutional policy or custom, Bonner has failed to plausibly allege the second Monell prong.

   d. Moving Force of Constitutional Violation

Even if the Court were to assume that Bonner had plausibly alleged both the existence of an unconstitutional policy or custom and policymaker knowledge, Bonner must still allege facts showing that the policy or custom was the "moving force" behind the alleged constitutional violation. See Valle, 613 F.3d at 542. This requires a direct causal connection between the municipal action and the alleged injury. See Piotrowski v. City of Houston, 237 F.3d 567, 580 (5th Cir. 2001).

Bonner alleges that the City's policies and customs caused the alleged excessive force and failures to intervene. See Record Document 2 at 13–14. However, the only facts plead to support this allegation surround Bonner's own arrest. The Complaint is void of facts explaining how the City's policies, rather than an individual officer's misconduct, caused the alleged constitutional violation. See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (discussing how a plaintiff must allege that an official policy or custom was a "cause in fact of the deprivation of rights inflicted."). Without factual allegations demonstrating that the alleged policy compelled the specific conduct at issue, Bonner fails to plausibly allege the required causal link. Accordingly, even assuming the first two Monell prongs are satisfied, Bonner has not plausibly alleged that any City policy or custom was the moving force behind his alleged injuries.

    e.  Failure to Train and Discipline

Bonner also seeks to impose municipal liability based on the City's alleged failure to train, supervise, or discipline its police officers with respect to K-9 deployment. See Record Document 2 at 13–14. Even assuming that Bonner has plausibly alleged an underlying policy or custom, a failure to train or discipline claim requires allegations showing deliberate indifference, which ordinarily demands a pattern of similar constitutional violations. See Connick v. Thompson, 563 U.S. 51, 62 (2011).

As discussed above, Bonner has not plausibly alleged a pattern of similar unconstitutional K-9 deployments sufficient to put City policymakers on notice that additional or different training or discipline was needed. Accordingly, even assuming the existence of an unconstitutional policy or custom, Bonner has failed to plausibly allege municipal liability based on a failure to train, supervise, or discipline.

## CONCLUSION

Based on the reasons explained above, Defendants' Partial Motion to Dismiss (Record Document 15) is **GRANTED**. Bonner's <u>Monell</u> claims against the City are **DISMISSED WITH PREJUDICE**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of February, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT