UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GERALD WAYNE BONNER — CIVIL ACTION NO. 25-cv-1530

VERSUS — JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT ET AL — MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Gerald Wayne Bonner ("Plaintiff") filed this civil action against officers with the Shreveport Police Department based on allegations of excessive force. Before the court is Plaintiff's Motion to Disqualify Counsel (Doc. 28). For the reasons stated below, the motion is denied.

Plaintiff alleges that he was subdued and pinned to the ground with his hands behind his back by at least two of the officers when a K9 was deployed and allowed to bite him for 16 continuous seconds. Plaintiff alleges that one of the defendants, Cpl. Warren, wrote in a report that he had Plaintiff's right hand and had grabbed Plaintiff's left hand when K9 Officer Pinckley ordered him to "disengage" so that he could deploy the K9. Plaintiff argues that Officer Pinckley's order for Cpl. Warren to disengage was a critical mistake and against standard police policy. Plaintiff argues that defense counsel cannot zealously defend Cpl. Warren without materially damaging Officer Pinckley.

**Law and Analysis**

"A motion to disqualify is a substantive motion affecting the rights of the parties and is determined by applying standards developed under federal law." MacNair v. Chubb

Eur. Grp. SE, 2025 WL 1115681, at *3 (E.D. La. 2025) (citations omitted). Disqualification cases are governed by state and national ethical standards adopted by this Court. Id. And when "considering attorney disqualification, the court considers (1) the local rules in the district; (2) the American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct." Id. However, "[t]he local rules promulgated by the local court itself are the most immediate source of guidance for a district court." F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1312 (5th Cir.1995). Likewise, "the ethical rules announced by the national profession," the public interest, and the litigant's rights" are also relevant to inquiry. Id. The Western District of Louisiana has adopted the Louisiana State Bar Association's Rules of Professional Conduct. See Local Civ. Rule 83.2.4. These rules are identical to the ABA's Model Rules of Professional Conduct. This case implicates at least one of these rules. Rule 1.7 states in relevant part:

> RULE 1.7. CONFLICT OF INTEREST: CURRENT CLIENTS
>
> (a) … a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client [or] a former client … .
>
> (b) Notwithstanding the existence of a concurrent conflict of interest…, a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) …; and

(4) each affected client gives informed consent, confirmed in writing.

Plaintiff's motion fails to convince the court that a real conflict exists. This is especially true here where no officer has accused another officer of any wrongdoing, and the Defendants intend to present a joint defense at trial. Instead, Plaintiff argues assumptions and hypothetical defenses about how defense counsel cannot zealously defend officer Warren without materially damaging officer Pinckley. Plaintiff does not have the right to dictate defense strategy for the Defendants.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of October, 2026.

Mark L. Hornsby
U.S. Magistrate Judge